IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,809-01






EX PARTE JOHNNIE R. PROPES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM COLLIN COUNTY

IN CAUSE NO. 366-80405-01

IN THE 366TH DISTRICT COURT



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of murder and sentenced to confinement for eighteen years. Applicant's
conviction was affirmed on appeal. Propes v. State, No. 05-03-01122-CR (Tex. App.
--Dallas, delivered June 15, 2004, pet. ref'd). 

 Applicant contends that trial counsel was ineffective for not calling three witnesses
to testify on behalf of the Applicant. The trial court has not entered findings of fact or
conclusions of law. We believe that Applicant has alleged facts that, if true, might entitle
him to relief. Therefore, it is this Court's opinion that additional facts need to be developed,
and because this Court cannot hear evidence, the trial court is the appropriate forum. The trial
court may resolve those issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that
it shall order affidavits, depositions, or interrogatories from trial counsel, or it may order a
hearing. In the appropriate case the trial court may also rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court shall then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether David Majors, Franklin C. Whaley, and Jeffrey Wayne Lee were available to
testify and whether trial counsel called them to testify. If the trial court determines that they
were available and trial counsel did not call them to testify, the trial court shall then make
findings of fact as to whether trial counsel was ineffective. The trial court shall also make
any further findings of fact and conclusions of law it deems relevant and appropriate to the
disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 8th DAY OF MARCH, 2006.





 

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.